UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL OYOLA<br>    Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC &<br>JOHN DOE 1 THROUGH 5,<br>    Defendants. | **COMPLAINT & JURY DEMAND** |

1. Defendants have engaged in an egregious course of conduct against Abigail Oyola by unlawfully garnishing her wages and continuing to do so even after its state court judgment against her was vacated. Although Cavalry was not entitled to do so as an unregistered foreign entity and an unlicensed debt collector, it sued her to collect a debt. It then failed to notify her of the case, obtained a default judgment against her, wrongfully garnished her wages, and in fact has continued to wrongfully garnish her wages even subsequent to the vacation of the state court judgment.

2. Accordingly, Ms. Oyola now brings suit for violation of the Fair Debt Collection Practices Act (FDCPA), the Massachusetts Debt Collection Practices Act (MDCPA), the Massachusetts Consumer Protection Act (MCPA), and conversion.

**FEDERAL JURISDICTION AND VENUE**

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, 15 U.S.C. § 1692k(d) and supplemental jurisdiction over state

law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b), a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

**PARTIES**

5. Plaintiff Abigail Oyola (Ms. Oyola) is a natural person residing in Worcester, Massachusetts. At all times material hereto, Ms. Oyola was a "consumer" as that term is contemplated in § 1692a of the FDCPA and § 24 of the MDCPA.

6. Defendant Cavalry SPV I, LLC (Cavalry) is a limited liability company organized under the laws of Delaware, with its principal office in New York. Cavalry is a "debt collector" as that term is contemplated in § 1692a(6) of the FDCPA and § 24 of the MDCPA. It has direct involvement in the actions challenged in this lawsuit.

7. Cavalry's primary business purpose is to purchase defaulted debts in order to collect on them.

8. Cavalry regularly purchases portfolios of defaulted consumer debts in order to collect on them.

9. Cavalry regularly engages in direct and/or indirect collection efforts against consumers.

10. Cavalry regularly uses the mail, telephone, and other instrumentalities of interstate commerce in order to collect on defaulted debts.

11. John Does 1 through 5 are entities related to Cavalry who are jointly responsible for the violations alleged herein. Upon identification of the true names of these Defendants,

Plaintiff will amend her complaint to state such.

## FACTUAL ALLEGATIONS

12. On or about December 17, 2007, Cavalry allegedly purchased a defaulted debt owed by Ms. Oyola for a credit card account. (The Debt).

13. The Debt owed by Ms. Oyola was incurred for personal, family, or household purposes, i.e. – a credit card used for personal purposes.

14. On or about April 29, 2009, Defendants filed a collection complaint against Ms. Oyola to recover the Debt in Worcester District Court.

15. At the time this lawsuit was filed, Cavalry was not entitled to file any lawsuits in Massachusetts because it was not registered as a foreign limited liability company with the Secretary of the Commonwealth (the Secretary).

16. Under Massachusetts law, a foreign limited liability company organized under the laws of a sister state must register itself with the Secretary. G.L. c. 156C, § 48.

17. Among other things, a foreign limited liability company who fails to register with the Secretary is not entitled to file a lawsuit in the courts of the Commonwealth. G.L. c. 156C, § 54(a) ("no action shall be maintained or recovery had by the foreign limited liability company in any of the courts of the commonwealth as long as such failure continues.")

18. Additionally, Cavalry was not and is not licensed to operate as a debt collector within the Commonwealth of Massachusetts.

19. Pursuant to the MDCPA, "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or

advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A.

20. Ms. Oyola did not learn of Cavalry's lawsuit against her until 2017, when she retained undersigned counsel.

21. At the time of filing, Cavalry purported to serve her with notice at an address she had been evicted from approximately six months earlier. Notice of this eviction was publicly available at the Worcester Housing Court

22. On or about December 7, 2009, Cavalry was granted a default judgment in the amount of $13,947.30 (the Void Judgment).

23. On or about February 11, 2010 Cavalry filed a post-judgment supplementary process proceeding against Ms. Oyola in order to collect the Void Judgment. Ms. Oyola did not learn of this lawsuit against her until 2017, when she retained undersigned counsel. At the time of filing, Cavalry purported to serve her with notice at an address she had been evicted from approximately eighteen months earlier. Notice of this eviction was publicly available at the Worcester Housing Court. Ms. Oyola failed to appear in this matter, and a civil arrest warrant was issued against her.

24. On or about April 1, 2014, Cavalry filed a post-judgment trustee process action against Ms. Oyola in order to collect on the Void Judgment. Ms Oyola did not learn of this lawsuit against her until 2017, when she retained undersigned counsel. At the time of filing, Cavalry purported to serve her with notice at an address she had been evicted from approximately three

years earlier. Notice of this eviction was publicly available at the Worcester Housing Court. Ms. Oyola failed to appear in this matter, and an order was entered allowing her wages to be garnished.

25. From August 2014 through April 2017, Cavalry garnished a total of $6,498.21 from Ms. Oyola's wages.

26. Ms. Oyola's paystubs did not reflect what the garnishment was for, or who it was being paid to. They merely itemized a deduction for "garnishment." At that time, approximately five other creditors had obtained judgments against her and she wrongly assumed that the garnishments were being paid to one of them.

27. Ms. Oyola has incurred actual damages as a result of Cavalry's actions. A default judgment and a civil arrest warrant were issued against her, without her knowledge. Moreover, a significant portion of her income was garnished over a span of nearly three years, causing Ms. Oyola and her family significant hardship. During this time Ms. Oyola often could not afford to buy food. If she was unable to obtain supplies from a local food pantry, then she and her family went hungry. She often could not afford to pay bills, further damaging her credit and her automobile was repossessed due to the loss of improperly garnished wages leaving her without transportation. She lost sleep, experienced significant stress and anxiety, and suffered other physical, mental, and economic losses.

28. On or about April 10, 2017, the Worcester District Court entered an order vacating the default judgment that had been entered against Ms. Oyola.

29. To date, Cavalry continues to garnish her wages even though the judgment has been vacated.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692**

30.     Plaintiff realleges paragraphs 1 through 29.

31.     Pursuant to 15 U.S.C. § 1692e, Defendants were prohibited from making any false, deceptive, or misleading representations.

32.     Pursuant to 15 U.S.C. § 1692e(2), Defendants were prohibited from falsely representing the character, amount, or legal status of the Debt.

33.     Pursuant to 15 U.S.C. § 1692e(4), Defendants were prohibited from representing that nonpayment will result in the garnishment of wages, unless such garnishment is lawful.

34.     Pursuant to 15 U.S.C. § 1692e(5), Defendants were prohibited from taking action that cannot legally be taken.

35.     Pursuant to 15 U.S.C. § 1692e(10), Defendants were prohibited from use of any false representation or deceptive means to collect or attempt to collect a debt.

36.     Pursuant to 15 U.S.C. § 1692f(1), Defendants were prohibited from collecting any amount not permitted by law.

37.     Defendants actions violated 15 U.S.C. §§ 1692e, (2), (4), (5), (10) and 1692f(1).

38.     Ms. Oyola suffered damages due to Defendants unlawful actions, including but not limited to economic, physical, and emotional damages.


**COUNT II**
**VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION PRACTICES ACT**
**G.L. c. 93, § 24**

39. Plaintiff realleges paragraphs 1 through 29.

40. Pursuant to G.L. c. 93, § 24A(a), "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A(a).

41. Cavalry engaged in unlicensed debt collection efforts against Ms. Oyola and in violation of G.L. c. 93, § 24A(a).

42. Ms. Oyola is entitled to make a claim pursuant to G.L. c. 93, § 12.

43. Ms. Oyola suffered damages due to Cavalry's unlawful actions, including but not limited to economic, physical, and emotional damages.

### COUNT III
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2

44. Plaintiff realleges paragraphs 1 through 29.

45. Cavalry is engaged in trade or commerce in Massachusetts.

46. Pursuant to G.L. c. 93A, § 2, Cavalry is prohibited from engaging in unfair or deceptive acts or practices.

47. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some

common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

48. In this case, Cavalry's sued Ms. Oyola when it was not entitled to do so, obtained a judgment against her, wrongfully garnished her wages, has in fact has continued to wrongfully garnish her wages even though the judgment against her has been vacated. Its actions are unfair and/or deceptive, in violation of G.L. c. 93A, § 2.

49. Cavalry's actions were also per se violations G.L. c. 93A, § 2, as they violated G.L. c. 93, § 24A. Pursuant to G.L. c. 93, § 28, violation of § 24A "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

50. Cavalry's actions were also per se violations of G.L. c. 93A, § 2, as they violated regulations issued by the Massachusetts Attorney General and/or the Massachusetts Division of Banks, including:

   a. 940 Code Mass. Regs. § 7.07(2), which prohibited it from any knowingly false or misleading representation in any communication as to the character, extent or amount of the date, or as to its status in any legal proceeding;

   b. 940 Code Mass. Regs. § 7.07(8), which prohibited it from any false, deceptive, or misleading representation, communication, or means in connection with the

      collection of any debt or to obtain any information concerning a debtor;

   c. 940 Code Mass. Regs. § 7.07(16), which prohibited it from collecting any amount not permitted by law;

   d. 209 Code Mass. Regs. § 18.16, which prohibited it from making any false, deceptive, or misleading representations;

   e. 209 Code Mass. Regs. § 18.16(2), which prohibited it from falsely representing the character, amount, or legal status of any debt;

   f. 209 Code Mass. Regs. § 18.16(4), which prohibited it from falsely representing the character, amount, or legal status of any debt;

   g. 209 Code Mass. Regs. § 18.16(5), which prohibited it from representing that nonpayment will result in the garnishment of wages, unless such garnishment is lawful.

   h. 209 Code Mass. Regs. § 18.16(10), which prohibited it from using any false representation or deceptive means to collect or attempt to collect a debt.

   i. 209 Code Mass. Regs. § 18.17(1), which prohibited it from collecting any amount not permitted by law.

51.    Pursuant to G.L. c. 93, § 28, any violation of 209 Code Mass. Regs. §§ 18.16, (2), (4). (5), (10) or 18.17(1) "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

52.    Pursuant to G.L. c. 93A, § 2(c), any violation of 940 Code Mass. Regs. § 7.07(2), (8), or (16) shall constitute an unfair or deceptive act or practice under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

53. Cavalry does not maintain a place of business within the Commonwealth.

54. Cavalry does not keep assets within the Commonwealth.

55. Because Cavalry does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Ms. Oyola pursuant to G.L. c. 93A, § 9.

56. Ms. Oyola is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Cavalry a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016). Ms. Oyola suffered damages due to Midland's unlawful actions.

57. Ms. Oyola suffered damages due to Cavalry's unlawful actions, including but not limited to economic, physical, and emotional damages.

## COUNT IV
## CONVERSION

58. Plaintiff realleges paragraphs 1 through 29.

59. Under Massachusetts law, "[t]he elements of conversion may be established by showing that one person exercised dominion over the personal property of another, without right, and thereby deprived the rightful owner of its use and enjoyment." *In re Hilson*, 448 Mass. 603, 611 (2007).

60. In this case, Defendants converted Ms. Oyola's wrongfully garnished wages. Defendants exercised dominion over her personal property by wrongfully garnishing her wages pursuant to the Void Judgment and by continuing to garnish her wages even after the state court vacated the judgment against her.

61. There should be no doubt that Ms. Oyola is entitled to a return of these funds. *Dombrowski v. Cronin*, 2001 Mass. App. Div. 194 (2001) (money paid to plaintiff as a result of trustee process in suit on judgment must be returned to defendant when the underlying judgment is vacated.); *U.S. v. Morgan*, 307 U.S. 183, 197 (1939) ("What has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution.")

62. Ms. Oyola suffered damages due to Defendants unlawful actions, including but not limited to economic, physical, and emotional damages.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Oyola requests that the Court issue judgment in her favor and against Defendants, as well as the following relief:

A. Judgment that Defendants violated the Fair Debt Collection Practices Act;

B. Judgment that Defendants violated the Massachusetts Debt Collection Practices Act;

C. Judgment that Defendants violated the Massachusetts Consumer Protection Act;

D. Judgment that Defendants committed conversion;

E. Actual and compensatory damages;

F. Treble damages;

G. Statutory damages;

H. Costs, interest, and attorney's fees; and

I. All other relief to which she is entitled at law or equity.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

                Respectfully submitted,


                Plaintiff,
                Abigail Oyola,
                By counsel,


                */s/ Christopher M. Brine*
                Christopher M. Brine (BBO 679289)
                Brine Consumer Law
                100 Grove Street, Suite 210
                Worcester, MA 01605
                P - 508.556.1899
                F - 508.556.9951
                cmb@brineconsumerlaw.com


                Donald A. Yarbrough, Esq.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                don@donyarbrough.com

                (Mr. Yarbrough will move for admission by separate motion)


June 1, 2017